FILED

MAY - 2 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                 ) Case No. 06-21042-D-13L
                                       ) Docket Control No. JLK-1
LORI DENISE FISHER,                    )
                                       )
            Debtor.                    )
                                       )
_____)

### MEMORANDUM OF DECISION

Lori Denise Fisher (the "Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on April 7, 2006. On April 28, 2006 the Debtor filed a Motion to Continue Automatic Stay Beyond 30-Day Expiration [11 U.S.C. § 362(c)(3)(B)] (the "Motion"). The Debtor also filed on April 28, 2006 an Exparte Application for Order to Hear on Shortened Time Motion to Continue the Automatic Stay Beyond 30-Day Expiration (the "Application"). The Application requests that the Motion be heard on May 3, 2006 provided service be accomplished by overnight delivery on April 28, 2006. If the Application is granted, creditors would receive 2 court days' notice of the hearing on the Motion.

A three paragraph declaration of the Debtor's attorney (the "Declaration") was filed in support of the Application and the Declaration is the only evidence filed in support of the Application. The first paragraph of the Declaration merely

19

identifies the declarant; the second paragraph of the Declaration states that the Debtor filed her petition on April 7, 2006 and because of a preceding bankruptcy, the automatic stay will expire 30 days thereafter; and the third paragraph of the Declaration summarily states that the Debtor's current financial condition is different from that which existed in her prior case.

The Debtor waited 21 days after filing her bankruptcy petition to file the Motion. There is nothing in the Application or the Declaration to explain why the Debtor waited so long to file the Motion, thus necessitating a hearing on 2 court days' notice. The fact that the Debtor is in this situation appears to be self-inflicted and the court finds that 2 court days' notice to interested parties is tantamount to no notice at all.

Based on the forgoing, it appears that the Debtor has put herself in the predicament of requiring an order shortening time. This self-inflicted predicament is to the detriment of creditors and as such the Application will be denied.

Dated: May 2, 2006

/s/ Robert Bardwil
ROBERT S. BARDWIL
United States Bankruptcy Judge